## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

DEANGELO REEVES,                       )
                                                  )
           Movant,                  )
                                                  )
v.                                     )          CIVIL ACTION NO. 2:21-00012
                                                  )          (Criminal No. 2:19-00284)
UNITED STATES OF AMERICA,              )
                                                  )
          Respondent.              )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 60.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 62.)

### FACTUAL AND PROCEDURAL BACKGROUND

A.    **Criminal Action No. 2:19-00284:**

On November 13, 2019, Movant was charged in a two-count Indictment with one count of Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1) (Count One), and one count of Conspiracy to Distribute Heroin in violation of 21 U.S.C. § 846 (Count Two). (Criminal Action No. 2:19-00284, Document No. 12.) On January 8, 2020, Movant pled guilty to one count of Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1)

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Count One). (Id., Document Nos. 36, 38, 39.) A Presentence Investigation Report was prepared. (Id., Document No. 58.) The District Court determined that Movant had a Base Offense Level of 14, and a Total Offense Level of 29, the Court having found that Movant met the criteria for a career offender enhancement pursuant to U.S.S.G. § 4B1.1(b)(2) and having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., Document Nos. 57 and 58.) The District Court sentenced Movant on June 23, 2020, to serve a 108-month term of imprisonment, to be followed by a three-year term of supervised release.[2] (Id., Document Nos. 55 and 57.) The District Court also imposed a $100 special assessment. (Id.)

**B.      Section 2255 Motion:**

On January 7, 2021, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 2:21-00012, Document No. 60.) As grounds for *habeas* relief, Movant alleges the following: (1) Ineffective assistance of counsel; and (2) Prosecutorial misconduct. (Id.) As relief, Movant requests that his sentence be vacated. (Id.)

By Order entered on January 12, 2021, the undersigned directed trial counsel, Mark A. Atkinson, to file an affidavit responding to Movant's claims of ineffective assistance of counsel and the United States to file its Answer. (Id., Document No. 65.) On February 12, 2021, Attorney Atkinson filed his Affidavit. (Id., Document No. 68.) On March 24, 2021, the United States filed its Response in Opposition to Movant's Section 2255 Motion. (Id., Document No. 69.) On July 1, 2021, following the granting of an extension of time, Movant filed his Reply. (Id., Document No.

---

[2] The District Court varied downward substantially from the lowest end of the Movant's advisory Guideline range. (Criminal Action No. 2:19-00284, Document Nos. 57 and 58.) Movant advisory Guideline range was 155 months to 188 months. (*Id.*)

75.)

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

1.    **Appellate Waiver:**

In his Section 2255 Motion, Movant first challenges the validity of his conviction arguing that his plea was involuntary due to prosecutorial misconduct. (Civil Action No. 2:21-00012, Document No. 60.) Movant contends that the United States Attorney engaged in prosecutorial misconduct by inducing Movant to plead guilty based on an inapplicable sentencing range (27 – 33 months). (Id., p. 3.) Movant argues that "[a]t the point the U.S. Attorney's Office was aware that a career offender enhancement was applicable, or even remotely so, that office had an ethically imperative responsibility to void the previously agreed plea." (Id.)

3

In Response, the United States argues that Movant's above claim is without merit. (Id., Document No. 69.) The United States contends that Movant voluntarily waived his right to file claims for collateral relief, including relief under Section 2255, in his Plea Agreement signed on January 8, 2020. (Id., pp. 2 – 3.) The United States contends that Movant "does not, nor could he, assert any constitutional claim or miscarriage of justice that would break the bonds of the waiver and render it unenforceable." (Id.)

In Reply, Movant argues that his plea was not entered into knowingly and voluntarily. (Document No. 75.) Movant further contends that enforcement of the appellate waiver would result in a miscarriage of justice because of the "gross discrepancies between the Guideline range in the Plea Agreement signed by Mr. Reeves and the 'below guidelines' sentence imposed by the Court." (Id.) Movant states he was "offered a plea of 27 – 33 months, which he accepted [and] Mr. Reeves was sentenced to 108 months." (Id.) Movant claims that because he "accepted the United States' plea offer of 27 – 33 months, . . . the United States had a responsibility to ensure that he was sentenced in accordance with the plea offer." (Id.) Movant, however, complains he did not receive the benefit of the plea bargain. (Id.) Accordingly, Movant argues his sentence should be vacated because his plea was not knowingly and voluntary. (Id.)

In his written Plea Agreement, Movant agreed to waive his right to appeal his conviction and sentence directly, with one exception. (Criminal Action No. 2:19-00284, Document No. 39.) Under the Plea Agreement, the parties "reserve[d] the right to appeal the District Court's determination of the adjusted offense level, prior to consideration of acceptance of responsibility." (Id.) Movant, however, waived his right to appeal his conviction. (Id.) Movant further agreed to waive his right to challenge under Section 2255 his guilty plea, his conviction resulting from the Plea Agreement, except on grounds of ineffective assistance of counsel. (Id.) It is well established

that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally, the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

The Rule 11 colloquy is designed to ensure that a guilty plea is both intelligent and voluntary. See United States v. Vonn, 535 U.S. 55, 58, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). "Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty and various rights." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). "[A] valid plea of guilty requires that the defendant be made aware of all 'the direct consequences of his plea." See Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1365 (4th Cir.), cert. denied, 414 U.S. 1005 (1973); Manley v. United States, 588 F.2d 79, 81 (4th Cir. 1978). A defendant's statement that his plea is voluntary and knowingly is generally considered conclusive on the issue. Savino v. Murrary, 82 F.3d 593, 603 (4th Cir. 1996); also see Fields v. Attorney General of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992)("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."), cert. denied, 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d. 176 (1992); DeFusco, 949 F.2d at 119 (A defendant's statements at

the plea hearing are strong evidence of the voluntariness of the plea agreement), cert. denied, 503

U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d. 412 (1992). The Fourth Circuit has recognized that "[i]n

the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11

colloquy is conclusively established, and a district court should, without holding an evidentiary

hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn

statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated - 'permit[ting]

quick disposition of baseless collateral attacks." United States v. LeMaster, 403 F.3d 216, 220 (4th

Cir. 2005).

The undersigned finds that Movant's Plea Agreement and appellate waiver were voluntary

and intelligent. There is no indication that Movant's Plea Agreement was made unknowingly or

unintelligently. Movant initialed each page and signed the last page of the Plea Agreement, thereby

confirming that he had read and discussed every part of the agreement with counsel and voluntarily

agreed to the terms. (Criminal Action No. 2:19-00284, Document No. 39.) A review of the Plea

Agreement further reveals that the waiver was clear and unambiguous. Specifically, the Plea

Agreement stated, in pertinent part, as follows:

> The parties reserve the right to appeal the District Court's determination of the adjusted offense level, prior to consideration of acceptance of responsibility. Nonetheless, Mr. Reeves knowingly and voluntarily waives the right to seek appellate review of his conviction. Mr. Reeves also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction 21 U.S.C. § 841 is unconstitutional, and (2) Reeves' conduct set forth in the Stipulation of Facts (Pleas Agreement Exhibit A) does not fall within the scope of the 21 U.S.C. § 841.
>
> Mr. Reeves also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(Id., p. 5.) The undersigned finds no indication that Movant did not understand the terms and consequences of signing the Plea Agreement. Considering Movant's educational background, the record reveals that Movant withdrew from school in the twelfth grade and later obtained his G.E.D. (Id., Document No. 58, p. 16 and Document No. 66, p. 3.) Additionally, Movant's extensive criminal history reveals that he is experienced with the criminal justice system. (Id., Document No. 58, pp. 8 - 14.) During the Plea Hearing, the terms of the Plea Agreement were thoroughly reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the Plea Agreement. (Id., Document No. 66, 6 - 9.) Specifically, the following colloquy occurred between the District Court and Movant:

THE COURT:          Mr. Reeves, do you understand what this agreement does?

THE DEFENDANT: Yes, ma'am.

THE COURT:          Do you understand what it requires of you?

THE DEFENDANT: Yes, ma'am.

THE COURT:          Do you have any questions at all about the plea agreement?

THE DEFENDANT: No, ma'am.

THE COURT:          Were each of the paragraphs of the agreement discussed with you and explained to you prior to your reaching an agreement with the Government?

THE DEFENDANT: Yes, ma'am.

THE COURT:          And are those, in fact, your initials on the first seven pages of the agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT:          Is that your signature on the last or eighth page of the agreement and on the Stipulation of Facts that's been labeled as Plea Agreement Exhibit A?

7

THE DEFENDANT: Yes, ma'am.

THE COURT:  You understand you've entered into a Stipulation of Facts, Mr. Reeves, that can be used as evidence if you were to breach the agreement and proceed to trial?

THE DEFENDANT: Yes, ma'am.

THE COURT:  Do you further understand that you have waived all rights under Rule 410 of the Federal Rules of Evidence to challenge the use of the Stipulation of Facts as outlined in your plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT:  Is it your desire that the Court accept the plea agreement?

THE DEFENDANT: Yes, ma'am.

(Id., pp. 10 - 11.) The District Court then discussed in detail with Movant the nature of the charges, the consequences of pleading guilty, and the constitutional and legal rights Movant was giving up by pleading guilty. (Id., pp. 12 - 29.) The District Court specifically discussed the appeal waiver with Movant. (Id., pp. 23 - 25.) The following colloquy occurred between the District Court and Movant:

THE COURT:  And, generally speaking, do you understand that you and the Government may have a right to appeal any sentence that I impose?

THE DEFENDANT: Yes, ma'am.

THE COURT:  And, specifically, do you understand pursuant to your plea agreement that although you have reserved your right to appeal the Court's determination of the adjusted offense level prior to consideration of acceptance of responsibility, you have waived any right to seek appellate review of your conviction?

THE DEFENDANT: Yes ma'am.

8

| THE COURT: | And do you understand you have waived your right to file any claim alleging that the statute of conviction is unconstitutional or that the conduct set forth in the parties' stipulation does not fall within the scope of the statute of conviction? |
|---|---|

THE DEFENDANT: Yes, ma'am.

***

| THE COURT: | And do you also understand that you cannot make a claim that the conduct which you told me about earlier doesn't - - isn't covered by that particular statute, that 21, U.S.C. §, Section 841(a)(1)? |
|---|---|

THE DEFENDANT: Yes, ma'am.

***

| THE COURT: | Do you understand that you have waived your right to challenge your guilty plea, conviction and sentence by collateral attack, including a motion brought pursuant to 28, U.S.C., Section 2255? |
|---|---|

THE DEFENDANT: Yes, ma'am.

| THE COURT: | However, you retained or kept for yourself the ability or right to file an appeal or to file a collateral attack alleging that your attorney, Mr. Atkinson, was ineffective if that is the case. Do you understand that? |
|---|---|

THE DEFENDANT: Yes, ma'am.

(Id.) The District Court inquired of Movant concerning the voluntariness of his guilty plea and Movant confirmed he was pleading guilty on his own free will. (Id., pp. 29 – 30.) After reviewing the foregoing, the District Court again advised Movant that he had the right to plead not guilty, and Movant confirmed that he wished to plead guilty. (Id., p. 30.) Based on the foregoing, the undersigned finds that Movant's appellate waiver is valid as it was entered into knowingly, intelligently, and voluntarily.

9

Although appellate waivers are valid, the Fourth Circuit has refused to enforce valid appellate waivers in a narrow class of claims. United States v. Jones, 538 Fed.Appx. 285, 287 (4th Cir. 2013). Specifically, the Fourth Circuit has refused to enforce valid appellate waivers in following narrow class of claims: (1) A defendant's challenge to "a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race" (See United States v. Martin, 961 F.2d 493 (4th Cir. 1992)); (2) A defendant's challenge to a "sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel (See United States v. Attar, 38 F.3d. 727 (4th Cir. 1994); United States v. Johnson, 410 F.3d 137 (4th Cir. 2005)); and (3) The enforcement of the valid waiver would result in a miscarriage of justice (See Johnson, 410 F.3d at 151)). It is well recognized, however, that alleged errors in a district court's calculation of a petitioner's Guidelines range does not result in a sufficient miscarriage of justice unless the error causes the court to impose a sentence exceeding the statutory maximum. United States v. Foote, 784 F.3d 931, 939 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999). In Foote, the Fourth Circuit considered whether a petitioner's *habeas* challenge to his sentence, which was based on a subsequently nullified career offender designation, was a fundamental defect that inherently results in a miscarriage of justice. Foote, 784 F.3d at 932. The Fourth Circuit explained that it declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [a petitioner] was (and on remand, would again be) sentenced under an advisory Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." Id. at 941(emphasis in original). In the instant case, Movant was sentenced under the advisory Guidelines and his sentence (108 months) clearly did not exceed the statutory maximum (20 years). Movant attempts to challenge the validity of his Plea Agreement by arguing that the

10

United States Attorney improperly induced Movant to sign the Plea Agreement based on a Sentencing Guideline range that did not include a career offender enhancement. The undersigned, however, finds that the United States' Attorney's alleged error in predicting the calculation of Movant's advisory Guideline range does not constitute a miscarriage of justice overcoming Movant's valid appellate waiver. See Jones, 538 Fed.Appx. at 287(finding no miscarriage of justice sufficient to overcome the appellate waiver where defendant argued the district court erred in calculating his Guideline range by including his uncounseled state court conviction in his criminal history score); also see United States v. Thornsbury, 670 F.3d 532, 538-39 (4ᵗʰ Cir. 2012)(Errors in computing a defendant's sentence does not render a sentence "illegal" or an appellate waiver unlawful. In entering into a plea agreement containing an appellate waiver, the petitioner assumed "the risk of unforeseen legal errors involving his sentence, and in exchange, he received increased certainly regarding the length of that sentence."); Sotirion v. United States, 617 F.3d 27, 36 (1ˢᵗ Cir. 2010)(Recognizing that the miscarriage of justice exception is meant for only "egregious cases" and should be applied "sparingly and without undue generosity." Finding that examples of miscarriage of justice include claims where a defendant's sentence exceeded the maximum statutory penalty or violated a material term of the plea agreement – not "garden-variety" claims of error. A miscalculation of the advisory guidelines range is precisely the kind of "garden-variety" claim of error contemplated by the appellate waiver.); United States v. Andis, 333 F.3d 886, 892 (8ᵗʰ Cir. 2003)(finding that the miscarriage of justice exception is "extremely narrow" and noting that "an allegation that the sentencing judge misapplied the Sentencing Guidelines . . . is not subject to appeal in the face of a valid appeal waiver."); Baxter v. United States, 2018 WL 3764092, * 3 (W.D.N.C. Aug. 7, 2018)(finding that petitioner's sentence did not exceed the statutory maximum and an miscalculation of petitioner's criminal history does not give

rise to a constitutional issue). The undersigned, therefore, finds that Movant waived his right to challenge the validity of his guilty plea. Accordingly, the undersigned respectfully recommends that the District Court determine that Movant's above *habeas* claim is precluded by his appellate waiver.

## 2.      Ineffective Assistance of Counsel:

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v.

United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

In his Section 2255 Motion, Movant first challenges the validity of his conviction arguing that his plea was involuntary due to counsel's failure to correctly advise Movant of his sentencing exposure during plea negotiations. (Civil Action No. 2:21-00012, Document No. 60.) Movant states that counsel "never advised that the career offender enhancement was even a possibility – however remote." (Id., p. 2.) Movant further appears to contend that trial counsel was ineffective in failing to assert a breach of the Plea Agreement. (Id.) Movant states that he was "presented with

13

and accepted a plea offer of 27 – 33 months." (Id.) Movant explains that when the probation office completed his Presentence Report, it was determined that a career offender enhancement was applicable and counsel failed to object to this enhancement. (Id.) Movant complains that even though the District Court sentenced him below the applicable sentencing guideline range, the career offender enhancement resulted in Movant receiving a sentence "almost four times what he would have received without the career offender enhancement." (Id.) Movant claims that had counsel advised him of his career offender enhancement, "he never would have accepted any plea offer." (Id., pp. 2 – 3.)

In his Affidavit, Attorney Atkinson explains that given the weight of the evidence against Movant he advised Movant "the prudent course of action was an acceptance of responsibility and to pursue a plea agreement." (Document No. 68.) Attorney Atkinson further explains that "to prevail on both counts, we would have had to convince a jury that four or five people were lying, including two police officers," and "we had no witness to support him." (Id.) Next, Attorney Atkinson acknowledges that Assistant United States Attorney ("AUSA") Stefan Hasselblad stated he felt Movant's Guideline range before acceptance of responsibility would be 14. (Id.) Attorney Atkinson, however, explains that AUSA Hasselblad further stated the following:

> [I]f the Court determines that Mr. Reeves is responsible for other relevant conduct, the Court may determine Mr. Reeves' guideline range is higher than 14. As in all plea agreement, the ultimate calculations of Mr. Reeves' guideline range, as well as Mr. Reeves' sentence, will be determined by the Court.

(Id.) Attorney Atkinson further states that the Plea Agreement signed by Movant provided for a maximum penalty of imprisonment of 20 years and it provided that the ultimate calculation of Movant's guideline range and sentence would be determined by the Court. (Id.) Finally, Attorney Atkinson states as follows:

14

> After the PSR came out, I met several times with Mr. Reeves. I explained to Mr. Reeves that his best course of action was to move forward with the plea agreement because even if he could "start over," his chances of prevailing at trial were still practically impossible because we would have to prove that four or five witnesses (including two police officers) were lying and we would have no evidence to present during our case. We discussed that if Mr. Reeves lost at trial, he could easily face over 15 years in prison. I discussed the matter with an experienced federal criminal defense attorney and he agreed with my analysis. More importantly, Mr. Reeves agreed with this analysis and agreed to move forward to the sentencing hearing.

(Id., p. 3.) As an Exhibit, Attorney Atkinson attaches a copy of an email communication with AUSA Hasselblad. (Document No. 68-1.)

In Response, the United States argues that Movant's above claim of ineffective assistance of counsel is without merit. (Id., Document No. 69.) The United States argues that Movant's allegations in his Section 2255 Motion are directly contradicted by his sworn statements made during a properly conducted Rule 11 colloquy. (Id.) The United States asserts that "[a]t his plea hearing, the defendant informed the Court that he understood that his offense of conviction may subject him to the career offender guideline, that his guideline range could be higher than what his attorney predicted, and that if it was, he would have no right to withdraw from his plea agreement." (Id.) After Movant informed the Court that he had reviewed the Presentence Report with counsel and that he understood the report, Movant affirmed to the Court that he was satisfied with his legal representation. (Id.) Therefore, the United States claims that "Defendant simply cannot establish ineffective assistance of counsel because he cannot show any reasonable probability that there would have been any different outcome given defendant's sworn statement at the plea hearing that his attorney explained the possibility that the career offender enhancement may apply, that he understood his guideline range could be higher than what his attorney predicated, and that he understood he would have no right to withdraw from his plea agreement if he did not like the

sentence imposed upon him." (Id.)

In Reply, Movant again argues that his plea was not knowingly and voluntary. (Document No. 75.) Movant argues that the plea colloquy is irrelevant because "the fact remains that the application of a career offender enhancement after he signed his plea is more than ample grounds to vacate the sentence as well as the Plea Agreement." (Id.) Movant states he was offered a plea of 27 – 33 months, which he accepted, [but] Mr. Reeves was sentenced to 108 months." (Id.) Movant complains counsel was ineffective because he did not receive the benefit of the plea bargain. (Id.)

During the Plea Hearing, the terms of the Plea Agreement were thoroughly reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the Plea Agreement. During the Rule 11 colloquy, the District Court thoroughly explained to Movant his sentencing exposure as a result of his plea and elicited Movant's statement that he knew that his sentence was in the Court's discretion. Movant further acknowledged that his plea was not the result of any promises or threats. As stated above, the Fourth Circuit has recognized that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated - 'permit[ting] quick disposition of baseless collateral attacks." LeMaster, 403 F.3d at 220. Furthermore, the record is completely void of any indication that Movant and the United States entered into a Plea Agreement agreeing to "a plea offer of 27 – 33 months." The Plea Agreement clearly stated that "[t]he matter of sentencing is within the sole discretion of the Court" and "[t]he United States has made no representations or promise as to a specific sentence." (Criminal Action No. 2:19-00284,

16

Document No. 39, p. 6.) Thus, there is absolutely no evidence that the United States Attorney engaged in prosecutorial misconduct or breached the Plea Agreement. Accordingly, the undersigned finds that Movant cannot show that Attorney Atkinson acted ineffectively in failing to pursue the above meritless arguments. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument"). Based upon the foregoing, the undersigned respectfully recommends that Movant's above claim of ineffective assistance of counsel be dismissed.

Next, Movant appears to claim that he was unaware of his sentencing exposure as a result of his Plea Agreement. Specifically, Movant argues that if counsel would have advised him of his sentencing exposure with a career offender enhancement, "he never would have accepted any plea offer." During the Plea Hearing, Movant clearly acknowledged that he understood his sentencing exposure. (Criminal Action No. 2:19-00284, Document No. 66, pp. 18 - 19.) Specifically, the following colloquy occurred between the District Court and Movant:

> THE COURT: Do you understand that you expose yourself to a maximum term of imprisonment of 20 years by pleading guilty to this offense?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And you could be fined up to $1 million, or twice the gross pecuniary gain or loss resulting from your conduct, whichever is greater. Do you understand that also?

17

THE DEFENDANT:    Yes, ma'am.

THE COURT:          Additionally, Mr. Reeves, you could be required to serve a term of supervised release of three years. Do you understand?

THE DEFENDANT:    Yes, ma'am.

THE COURT:          That means after your release from imprisonment, you would be supervised by the probation office under terms and conditions set by the Court. Do you understand that?

THE DEFENDANT:    Yes, ma'am.

THE COURT:          If you violated those terms and conditions, Mr. Reeves, the Court could revoke your term of supervised release and require you to be incarcerated for a period up to two years. Do you understand that?

THE DEFENDANT:    Yes, ma'am.

THE COURT:          And, in addition, you will be required to pay a special assessment of $100. Do you understand that?

THE DEFENDANT:    Yes, ma'am.

THE COURT:          The Court could deny you certain federal benefits for a period of up to five years as well. Do you understand that also?

THE DEFENDANT:    Yes, ma'am.

THE COURT:          You could be required to make restitution to any victims that there might be, Mr. Reeves. Do you understand that?

THE DEFENDANT:    Yes, ma'am.

(Id.) Additionally, the District Court advised Movant of the advisory Sentencing Guidelines and explained how the Guidelines would apply to determine his sentence. (Id., pp. 19 – 22.) The District Court explained that Movant's sentencing guideline range could not be determined until a Presentence Report was prepared, and both sides had the chance to review and challenge it. (Id.)

18

Movant affirmed that he understood the foregoing. (Id.) Specifically, the following colloquy occurred between the District Court and Movant:

> THE COURT: Have you discussed the application of the United States Sentencing Guidelines to your case with your attorney, Mr. Atkinson?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you understand that I will not be able to calculate or consider the applicable advisory guideline range in your case until after probation prepares a Pre-Sentence Investigation Report and until after both you and the Government have had the opportunity to challenge the facts contained in the report.
>
> THE DEFENDANT: Yes, ma'am.
>
> \*\*\*
>
> THE COURT: Have you discussed with Mr. Atkinson the concept of career offender status as the term is defined under the United States Sentencing Guidelines?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Has Mr. Atkinson advised you that there's a possibility with the conviction of the offense to which you're now pleading guilty that you could qualify for career offender enhancement if you have the prior requisite convictions?
>
> THE DEFENDANT: Yes, ma'am.
>
> \*\*\*
>
> THE COURT: Do you understand the sentence I impose may be different than any estimate that Mr. Atkinson may have given to you?
>
> THE DEFENDANT: Yes, ma'am.
>
> \*\*\*
>
> THE COURT: Do you also understand that if you persist in your plea of guilty here today and I accept it and we get to the sentencing

19

phase of this case and you don't like my sentence, you would still be bound by your plea of guilty and would not be permitted to withdraw it?

THE DEFENDANT: Yes, ma'am.

(Criminal Action No. 2:19-00284, Document No. 66, pp. 19 – 22.) Thus, Movant's claim that he was not adequately advised concerning his sentencing exposure is without merit. See Fields v. Attorney General of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992)("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."), cert. denied, 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d. 176 (1992). Movant's allegation that he would not have pled guilty if he would have known his sentence would result in 108 months of imprisonment merely suggests that Movant is now suffering "buyer's remorse" regarding his plea deal and ultimate sentence. See Dingle v. Stevenson, 840 F.3d 171, 174 (4th Cir. 2016)("Pleading guilty typically entails a deliberate choice to accept the risks and rewards of a deal, and that decision may not be casually set aside on the basis of buyer's remorse."); See United States v. Jackson, 554 Fed.Appx. 156, 165 (4th Cir. 2014)(Wilkinson, J., dissenting)("Buyer's remorse should not be dressed in the garb of an ineffective assistance of counsel claim."); United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012)("Pleading guilty generally involves a conscious decision to accept both the benefits and burdens of a bargain. That decision may not be lightly undone by buyer's remorse on the part of one who reaped advantage from the purchase."). Finally, Movant acknowledged under oath at his Sentencing Hearing that he was "completely satisfied" with Attorney Atkinson's representation during the entirety of his criminal proceedings. (Criminal Action No. 2:19-00284, Document No. 67, p. 23.) Accordingly, Movant's claim of ineffective assistance of counsel on the above ground should be dismissed.

## <u>PROPOSAL AND RECOMMENDATION</u>

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 60) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: August 4, 2023.

Omar J. Aboulhosn
United States Magistrate Judge